IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY COCHRELL, | No. C 11-3395 SI |
| Plaintiff, | **ORDER RE: DECEMBER 9, 2011 HEARING ON PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| BERKELEY UNIFIED SCHOOL DISTRICT, *et al.*, | |
| Defendants. / | |

Plaintiff's motion for a preliminary injunction is scheduled for a hearing on December 9, 2011. Plaintiff seeks an injunction ordering defendants to keep the Warm Pool open until the resolution of this case or until defendants provide an adequate alternative to the Warm Pool. Defendants assert that people with disabilities will be provided programmatic access to City aquatics programs after closure of the indoor Warm Pool because the City will continue to operate two outdoor pools, the King Pool and the West Campus Pool. However, it appears based upon the record before the Court that a number of the City's aquatics programs for disabled swimmers, such as the "Senior/Disabled Swim" and "Quiet Swim" classes, are only offered at the Warm Pool, and there is no indication in defendants' papers that those programs will be available at King Pool or West Campus Pool after closure of the Warm Pool.

One alternative proposed by plaintiff is the Berkeley YMCA, which has an indoor warm pool. Both defendants also cite the YMCA as an alternative, though only as a private option to plaintiff and other disabled people, and defendants' papers do not address the possibility of the City working with the YMCA to transfer the City's disabled swim programs to the YMCA after the Warm Pool closes. The Court notes that according to a document submitted by defendants, in 2008 the City of Berkeley

contemplated working with the Berkeley YMCA "to provide therapeutic pool services for warm water pool users during construction of a new public warm water pool." Zembsch Decl. Ex. B at BUSD00033.

Accordingly, the Court directs the City of Berkeley to be prepared to address at the December 9, 2011 hearing the feasibility of providing the City's disabled swim programs at the Berkeley YMCA when the Warm Pool closes. In addition, the parties should be prepared to address (1) whether any disabled swim programs will be offered at King and West Campus Pools after closure of the Warm Pool; (2) whether there is any authority to support defendants' assertion that the existence of private warm pools that are accessible to the public is a factor that should be considered by the Court in its analysis of plaintiff's claims; and (3) whether there is any authority regarding plaintiff's contention that although accessibility design standards do not require warm temperatures (90-92 degrees) for pools, the Court should nevertheless consider whether the lack of a warm water pool creates a barrier to programmatic access to the City's aquatics program.

**IT IS SO ORDERED.**

Dated: December 6, 2011

SUSAN ILLSTON
United States District Judge

2